UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY ADELL,

    Petitioner,

v.                                                               Case No. 08-C-993

LARRY JENKINS,

    Respondent.

## ORDER

    Mark Anthony Adell filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of burglary and is currently incarcerated at Redgranite Correctional Institution.

    I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner asserts he was denied his right to counsel at his sentencing. He claims that the circuit court erred by discharging his trial counsel prior to sentencing. The circuit court disagreed, and its decision was affirmed on appeal. Denial of the right to counsel could be grounds for federal habeas relief, but it is clear from the petitioner's argument that he was not denied that important right.[1]

As the court of appeals found, petitioner knowingly waived his right to counsel and was competent to proceed *pro se* at his sentencing hearing. "[T]he ultimate question is not what was said or not said to the defendant but rather whether he in fact made a knowing and informed waiver of counsel." *United States v. Todd,* 424 F.3d 525, 531 (7th Cir. 2005) (quoting *United States v. Moya-Gomez,* 860 F.2d 706, 733 (7th Cir.1988)). As the court of appeals found:

> The trial court engaged in a lengthy, comprehensive colloquy with Adell addressing the obligations of a lawyer to ensure that Adell understood what he was waiving by proceeding without counsel. It then explained the maximum potential penalties he was facing, and explained the new bifurcated sentencing structure and how it differed from the sentencing structure that was in effect at the time of his prior offenses. The trial court repeatedly asked Adell if he wanted to waive his right to be represented by an attorney and proceed to represent himself at sentencing, and Adell repeatedly responded that he "would like to waive that right," and that he was "prepared to accept the consequences, the outcome of this case, to move forward on it."

*State v. Adell,* 2008 WL 3288419, ¶ 9 (Wis. Ct. App. 2008).

This summary of the hearing is accurate, based on the transcripts Adell has supplied. The trial court discussed how Adell had proceeded *pro se* before in a civil case and that he had been in and out of prison several times. Moreover, the trial court was prepared to appoint a new attorney

---

[1]There also appears to be an issue of timeliness. Petitioner was sentenced in 2004 and his postconviction motion was not made until 2007. The federal habeas statute allows a one-year window to file, beginning from the date the conviction became final. It appears that the conviction may have become final at some point in 2005. 28 U.S.C. § 2244(d).

2

(a fourth) to represent Adell. The court was faced with adjourning and appointing a new attorney or proceeding with then-appointed counsel (with whom Adell had several disagreements), and did not consider allowing Adell to appear *pro se* until Adell himself suggested it. (Tr. at 21.)[2] "I am trying to get closure myself, so I would prefer if you could attempt to qualify me to represent myself . . . I didn't come here to bicker, I came to be sentenced today." (Tr. 29.) The transcript shows that the trial court repeatedly inquired as to Adell's willingness to proceed *pro se* and informed him of the dangers of doing so; it further reveals Adell to be well-spoken and to have clearly understood his actions. "I would like to waive that right, your honor, and bring some closure. I am prepared to accept the consequences, the outcome of this case, to move forward on it. This [adjournment] is not fair to the victims, it is not fair to the state to have to keep paying for attorneys . . . " (Tr. 37.)

The court of appeals' conclusion that Adell voluntarily waived his right to counsel and was competent to proceed *pro se* is a reasonable one, and that is the limit of review that a federal habeas court is to undertake. 28 U.S.C. § 2254(d). The question of whether Adell's counsel should have been permitted to withdraw (a question pressed on appeal) is a separate question that does not involve any federal constitutional rights. Accordingly, the petition is **DISMISSED**. The motion to proceed *in forma pauperis* is **GRANTED**, meaning that the $5 filing fee is waived.

Dated this   25th   day of November, 2008.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

---

[2]This is page 52 of petitioner's attachment.