UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY ADELL,

        Petitioner,

  v.                                              Case No. 08-C-993

LARRY JENKINS,

        Respondent.

## ORDER

Mark Anthony Adell filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of burglary and is currently incarcerated at Redgranite Correctional Institution. In a Rule 4 order, I dismissed the petition, echoing the grounds set forth by the state court of appeals.

Petitioner has filed a notice of appeal and a motion to proceed on appeal *in forma pauperis*. To proceed further, he needs a certificate of appealability. A COA should not be issued by a district court unless the petitioner has made a substantial showing of the denial of a constitutional right and a showing that reasonable jurists could disagree as to the outcome of his petition. *See Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).

In his request for a COA, Petitioner argues that the state court erred in allowing his trial counsel to withdraw prior to sentencing. Although the trial court's decision *per se* did not involve

any federal constitutional issues, allowing counsel to withdraw at that stage (Petitioner asserts) effectively mandated his own decision to proceed *pro se* and required that he waive his right to counsel. In other words, the trial judge's decision (albeit on a matter of state law) essentially poisoned Petitioner's own decision to elect to proceed *pro se*, and this latter act effectively denied him the Sixth Amendment right to counsel.

Petitioner's argument would be persuasive but for the fact that it was his own decision to proceed *pro se* that effectuated his giving up the right to counsel. It was, in effect, a superceding cause (assuming the trial judge's decision to allow counsel to withdraw was even an error). From the transcript, it is clear that the trial judge was prepared to adjourn and appoint new counsel for Petitioner. Petitioner thus had the right to counsel at all relevant times, but the record reflects that he was either frustrated or impatient and chose to proceed on his own that day (it was his idea, not the judge's) rather than wait for an adjournment. The judge then undertook the full battery of inquiries and determined Petitioner was competent. (His own well reasoned briefs filed in this court bear that conclusion out.) His decision to proceed *pro se* cannot be undone on a theory that the judge erred and created an environment that caused Petitioner to become impatient. And, as noted in the Rule 4 order, the state courts' conclusions that he was competent to proceed *pro se* and waive his right to counsel were reasonable. Accordingly, I find no basis for granting a certificate of appealability.

Petitioner also seeks leave to proceed *in forma pauperis*. Although I am denying a COA, the standard for proceeding *in forma pauperis* is lower. Denial of that status would require a finding of bad faith, and I cannot make such a finding here.

2

A certificate of appealability is **DENIED**; the motion to proceed *in forma pauperis* on appeal is **GRANTED**.

**SO ORDERED** this     22nd     day of December, 2008.

                                         s/ William C. Griesbach
                                         William C. Griesbach
                                         United States District Judge